IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

HAROLD COBURN,                          :

    Plaintiff,                      :

vs.                                     :    CIVIL ACTION 05-00727-BH-B

PRICHARD POLICE DEPARTMENT,             :

    Defendant.                      :


## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

## I.  Nature of Proceedings.

At the Court's direction, Plaintiff filed an Amended Complaint on this Court's § 1983 complaint form. (Doc. 8). In the Amended Complaint, Plaintiff lists the Prichard Police Department as the sole Defendant, and in response to a question seeking the date when the incident occurred, Plaintiff writes, "? Around 2000 Summer." (Id., at 4). Plaintiff further states that he was convicted of possession of a controlled substance, Valium and Lortabs, in 2000, and began serving his current sentence in 2000. (Id., at 6).

Plaintiff describes his claim as arising in the Prichard City Jail. According to Plaintiff, he was taken, with his hands handcuffed behind his back, to the Prichard jail by a female police officer. The female officer reported to the desk officer that Plaintiff had told her to hold it because he had to "pee." Plaintiff contends that he had in fact told the officer to hurry up because he had to "pee." In any event, while still handcuffed, Plaintiff was pushed down and kicked in the back by officers. The officers lifted Plaintiff to head height and slammed him to floor. As a result of the officers' actions, Plaintiff broke his left leg ball, had to have a complete hip replacement, and was hospitalized while in prison. Plaintiff indicates that he is seeking compensation for his injuries and for being unable to work.

Following a review of Plaintiff's Amended Complaint, the Court directed Plaintiff to answer specific interrogatories which were designed to clarify the date upon which Plaintiff sustained his injury, and to identify the individuals Plaintiff contends are responsible for his injuries. (Doc. 17). In Plaintiff's Response (Doc. 19), he did not provide the date of his alleged injury. Instead, Plaintiff asserted that "the doctors [who] . . . put this artificial hip in me and I don't even have that date." Additionally, while Plaintiff listed the race and gender of the officers involved in the incident, he did not provide their names.

In addition to his Amended Complaint and his Response to the Court's Interrogatories, Plaintiff has filed numerous other documents with the Court. These documents, much like the Amended Complaint and Response, are difficult to decipher due to Plaintiff's near illegible handwriting. With considerable effort, the Court has gleaned the following additional information regarding Plaintiff's claims from these documents. The City of Prichard had agreed to pay Plaintiff $1.5 million over 5 years at $25,000 a month for his injuries. (Doc. 19). Plaintiff was listed as an unsecured creditor on page 106 of Prichard's Chapter 9 bankruptcy case. Plaintiff was provided this information by Robert L. Shields, a Birmingham attorney who is handling the Prichard bankruptcy case. (Docs. 1 & 19). Plaintiff further avers that Joseph Matranga, a local attorney, completed paperwork for Plaintiff so he would not lose his action, (Doc. 19), and that he gave attorney Jay Kimbrough his paperwork because he was going back to jail; however, when Plaintiff was released six months later, Kimbrough had moved and taken Plaintiff's papers. (Docs. 1 & 19). Because Plaintiff had not seen neither the agreement nor the money, he contacted the Bankruptcy Court and the State Bar. Both recommended that he get a private attorney. (Doc. 1). Thereupon, Plaintiff contacted Brian Duhe', from whom Plaintiff as not heard. (Doc. 1). Plaintiff asserts that the Prichard Bankruptcy case closed on January 2, 2002, and that payments for

3

his injuries were slated to end on January 1, 2006. (Doc. 19).

II. **Discussion.**

A. **Standard of Review Under 28 U.S.C. § 1915(e)(2)(B)(i).**

Because Plaintiff is proceeding in forma pauperis, the Court has reviewed Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e)(2)(B).[1] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, and the claim seeks to enforce a right which clearly does not exist. Id. Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S.Ct. at 1833. Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim

---

[1]The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered. See Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001); Brown v. Bargery, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. Bilal, 251 F.3d at 1348-49.

4

upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957)); <u>see</u> <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997)(noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

   B. **Analysis**.

   As best the Court can discern from Plaintiff's Complaint, and other filings, Plaintiff's injury at the Prichard jail appears to have occurred around January 2000, and that as a result of his injury, he was listed as an unsecured creditor in Prichard's bankruptcy case which concluded on January 2, 2002.  Plaintiff however did not file the instant action until December 19, 2005. (Doc. 1).  In Alabama, the statute of limitations for a § 1983 action is two years. <u>Lufkin v. McCallum</u>, 956 F.2d 1104, 1106, 1108 (11th Cir.), <u>cert. denied</u>, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).  The statute of limitations

> "'does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" <u>Calhoun v. Alabama Alcoholic Beverage Control Board</u>, 705 F.2d 422, 425 (11th Cir. 1983) (quoting <u>Reeb v. Economic Opportunity Atlanta, Inc.</u>, 516 F.2d 924, 930 (5th Cir. 1975)). Thus Section 1983 actions do not accrue until the plaintiff knows or has reason to know that

he has been injured.  <u>Calhoun</u>, 705 F.2d at
424; <u>Rubin</u>, 621 F.2d at 116; <u>Lavellee</u>, 611
F.2d at 1131.  Nor will a Section 1983 action
accrue until the plaintiff is aware or should
have been aware who has inflicted the injury.
<u>Lavellee</u>, 611 F.2d at 1131 (quoting <u>United</u>
<u>States v. Kubrick</u>, 444 U.S. 111, 100 S.Ct.
352, 62 L.Ed.2d 259 (1979)).

<u>Mullinax v. McElhenney</u>, 817 F.2d 711, 716 (11th Cir. 1987).

In the present action, Plaintiff knew or should have known of
his claims against the jail officers at or near the time of the
alleged incident.  Nevertheless, Plaintiff filed the present action
on December 19, 2005, more than two years after his claim accrued.
(Doc. 1).  Accordingly, Plaintiff's action is barred by the two-
year statute of limitations.  For this reason, Plaintiff's action
is due to be dismissed for failure to state a claim upon which
relief can be granted.  <u>Jones v. Bock</u>, ___U.S. ___, ___. 127 S.Ct.
910, 920-21 (2007) (when an affirmative defense, such as a statute
of limitations, appears on the face of a complaint, a complaint is
subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to
state a claim); <u>cf.</u> <u>Clark v. Georgia Pardons & Paroles Bd.</u>, 915
F.2d 636, 640 n.2 (11th Cir. 1990) (when an affirmative defense
would defeat a claim, such as the statute of limitations, the claim
may be dismissed as frivolous).

Another reason that Plaintiff's Amended Complaint is subject
dismissal is that he has named the Prichard Police Department as
the sole Defendant.  In order to bring a viable § 1983 claim
against a defendant, the defendant sued must be an entity that is

6

subject to being sued.  <u>Dean v. Barber</u>, 951 F.2d 1210, 1214 (11th Cir. 1992).  The capacity of a party to be sued is "determined by the law of the state in which the district court is held. . . ." FED.R.CIV.P. 17(b); <u>see</u> <u>Dean</u>, 951 F.2d at 1214.

In Alabama, a city's police department is not a suable entity or a proper party under state law or for § 1983 purposes.  <u>Hawkins v. City of Greenville</u>, 101 F. Supp.2d 1356, 1363 (M.D. Ala. 2000); <u>accord</u> <u>Eddy v. Miami</u>, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989) ("Where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit."); <u>Reese v. Chicago Police Dept.</u>, 602 F. Supp. 441, 443 (N.D. Ill. 1984) (finding a police department does not have a legal existence separate from the city and, therefore, is not a suable entity).  Inasmuch as the Prichard Police Department is not a suable entity under Alabama law, the claim against Defendant Prichard Police Department is frivolous.

**IV.  <u>Conclusion</u>.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) as frivolous[2].

---

[2]Also pending before this Court is Plaintiff's request for appointment of counsel(Doc. 29).  As a threshold matter, the undersigned notes that appointment of counsel is not mandatory except in exceptional circumstances where the complexity of the case or the competence of Plaintiff makes <u>pro</u> <u>se</u> prosecution of the claim fundamentally unfair.  <u>Dean v. Barber</u>, 951 F.2d 1210, 1216 (11th Cir. 1992). Considering the recommendation that this action be

Plaintiff is advised that during the time for filing objections, he should bring before the Court those matters concerning this action.  Furthermore, regarding his claim against the City of Prichard that was settled, he should contact the involved attorneys or the Bankruptcy Court to assist him in learning about his settlement, and/or the local bar association for names of local attorneys who may assist him.

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this the **20th** day of **April 2007.**


_____**/s/ SONJA F. BIVINS**_____
**UNITED STATES MAGISTRATE JUDGE**

---

dismissed due to the two-year statute of limitations and the fact that
Defendant is a non-suable entity, Plaintiff's request for appointment of
counsel is **DENIED.**

8

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   See 28 U.S.C. § 636(b)(1)(c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.   Any party planning to object to

this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.